UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, and LAMPE CHRYSLER DODGE JEEP RAM,<br><br>Defendants. | No.  1:19-cv-01275-DAD-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THIS ACTION AND DENYING DEFENDANT LAMPE CHRYSLER DODGE JEEP RAM'S RULE 21 MOTION<br><br>(Doc. Nos. 8, 9, 11, 19) |

This matter came before the court on November 5, 2019 for a hearing on plaintiff's motion to remand this action to the Tulare County Superior Court.[1] (Doc. No. 11.) Attorneys Benjeman Beck and Long Cao appeared telephonically on behalf of plaintiff. Attorney Parris Schmidt appeared telephonically on behalf of defendant FCA US LLC ("FCA").  There was no appearance made on behalf of defendant Lampe Chrysler Dodge Jeep Ram ("Lampe"), which at the time of the hearing, had not yet appeared in this case.  For the reasons explained below, the court will grant plaintiff's motion to remand.

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district has reached crisis proportion.  Unfortunately, that situation sometimes results in a submitted matter being overlooked for a period of time, and that occurred with respect to this motion.

1

# BACKGROUND

On August 9, 2019, plaintiff filed this action against defendant FCA and Does 1 through 50, inclusive, in the Tulare County Superior Court. (Doc. No. 1 at 13.) In his original complaint, plaintiff asserted the following claims under California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") related to his purchase of a 2017 RAM 1500 pickup truck (the "subject vehicle"): (1) failure to service or repair the subject vehicle to conform to the applicable express warranties and failure to promptly replace the vehicle or make restitution, in violation of California Civil Code § 1793.2(d); (2) failure to service or repair the subject vehicle so as to conform to the applicable warranties within thirty days, in violation of California Civil Code § 1793.2(b); (3) failure to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, in violation of California Civil Code § 1793.2(a)(3); (4) breach of express warranty, in violation of California Civil Code §§ 1791.2(a), 1794; and (5) breach of implied warranty of merchantability, in violation of California Civil Code §§ 1791.1, 1794. (*Id.* at 16–20.)

On September 12, 2019, FCA removed this action to this federal court pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds that diversity jurisdiction exists because plaintiff and FCA are citizens of different states and the amount in controversy is at least $75,000. (*Id.* at 3–5.) Specifically, plaintiff alleges that he is a citizen of California, and FCA alleges that it is a citizen of the Netherlands and England. (*Id.* at 3–4.) Following removal, FCA answered plaintiff's original complaint on September 18, 2019. (Doc. No. 4.)

On September 25, 2019, plaintiff filed a first amended complaint ("FAC"), in which he added Lampe, the authorized dealership that sold him the subject vehicle, as a defendant. (Doc. No. 6.) In his FAC, plaintiff asserts the same five claims against FCA and his fifth claim for breach of implied warranty of merchantability against defendant Lampe as well. (*Id.* at 5–10.)

On October 8, 2019, plaintiff moved to remand this action to the Tulare County Superior Court because his addition of defendant Lampe, a citizen of California, destroyed the complete

/////

/////

diversity necessary for this court to have subject matter jurisdiction. (Doc. No. 11-1 at 4.)[2]  On October 22, 2019, FCA filed its opposition to the pending motion to remand, arguing that the court should ignore Lampe's citizenship because it was fraudulently joined as a defendant. (Doc. No. 13.) On October 29, 2019, plaintiff filed his reply thereto. (Doc. No. 14.) The court held a hearing on plaintiff's motion to remand on November 5, 2019 and took the matter under submission. (Doc. No. 17.)

Thereafter, on February 5, 2020, defendant Lampe filed a motion under Federal Rule of Civil Procedure 21, requesting that the court drop Lampe as a defendant from this action based on the same fraudulent joinder arguments that FCA asserts in its opposition to the pending motion to remand. (Doc. No. 19.) On March 24, 2020, plaintiff filed his opposition to Lampe's Rule 21 motion, and on March 31, 2020, Lampe filed its reply thereto. (Doc. No. 25, 26.) Pursuant to Local Rule 230(g), the court found Lampe's motion suitable for a decision on the papers and took that motion under submission on April 1, 2020. (Doc. No. 27.)

## LEGAL STANDARD

**A.     Removal Jurisdiction**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to

---

[2] On October 8, 2019, plaintiff filed three separate motions to remand in this case. (Doc. Nos. 8, 9, 11.) Plaintiff also filed a notice of errata (Doc. No. 10), indicating that the first two motions to remand were filed in error and that the third motion (Doc. No. 11) is the corrected version of the pending motion.

3

the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**B.     Fraudulent Joinder**

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity. *Id*.

If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Avellanet v. FCA US LLC*, No. 19-cv-7621-JFW-KSX, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("A claim of fraudulent joinder should be denied if there is *any* possibility that a plaintiff may prevail on the cause of action against an in-state defendant."). The Ninth Circuit has acknowledged that the analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549. The two tests should not, however, be conflated. *Id.*

/////

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, . . . , whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Id.* at 550. Remand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

There is a general presumption against finding fraudulent joinder, *Hamilton Materials, Inc.*, 494 F.3d at 1206, and the burden on the defendant opposing remand based on an alleged fraudulent joinder is a "heavy one." *Lee v. Ford Motor Corp.*, No. 19-cv-10170-AB-FFM, 2020 WL 2835748, at *2 (C.D. Cal. May 29, 2020) ("Courts have characterized a defendant's heavy burden as reflecting a presumption against fraudulent joinder . . .."). "Fraudulent joinder must be proven by clear and convincing evidence," and district courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc.*, 494 F.3d at 1206. In resolving a claim of fraudulent joinder, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony. *Morris*, 236 F.3d at 1068.

**C.  Joinder of Non-Diverse Defendant After Removal**

If a plaintiff joins a non-diverse defendant after removal, "the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e).[3] "The language of

---

[3] "Courts in the Ninth Circuit disagree as to what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity." *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS-RAO, 2016 WL 6581154, at *3 (C.D. Cal. Nov. 7, 2016) (adopting "the approach of the line of cases applying Section 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)"). This court joins the majority of district courts in the Ninth Circuit in choosing to "analyze joinder or amendment of claims to add a non-diverse defendant under § 1447(e) as opposed to Rule 15(a)(1)'s amendment as-of-right standard." *Martinez v. FCA US LLC*, No. 2:19-cv-08097-SVW, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020). As one district court recently explained, this approach "permits courts to determine whether any amendment 'as of right' to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows courts to consider the full context of the attempted joinder of a non-diverse defendant." *Id.* (citing *Marroquin v. Target Corp.*, No. 19-cv-00341-JAK-SSX, 2019 WL 2005793, at *3 (C.D. Cal. May 7, 2019) (citing cases)).

§ 1447(e) is couched in permissive terms" and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts generally consider the following factors when deciding whether to deny or permit joinder of a non-diverse defendant:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Sabag*, 2016 WL 6581154, at *4 (quoting *Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-cv-01140-ODW-AGR, 2015 WL 3889289, *3 (C.D. Cal. 2015)). "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." *Cruz v. Bank of N.Y. Mellon*, No. 5:12-cv-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012) (quotation marks omitted).

## ANALYSIS

The court will begin by analyzing the § 1447(e) factors that courts consider when determining whether to permit or deny joinder of a non-diverse defendant. The court will also address the fraudulent joinder arguments presented by defendants FCA and Lampe in the context of this analysis because "the core inquiry in a fraudulent joinder analysis, *i.e.*, whether there is any possibility of recovery against the non-diverse defendant, is subsumed in the consideration in a section 1447(e) analysis of whether plaintiff can state a valid claim against the party sought to be joined." *Taylor v. Honeywell Corp.*, No. C 09-4947 SBA, 2010 WL 1881459, at *2 n.1 (N.D. Cal. May 10, 2010); *see also Avellanet*, 2019 WL 5448199, at *2 ("[T]he Court considers FCA's fraudulent joinder arguments in the context of the analysis under 28 U.S.C. § 1447(e).").

**A.    Consideration of § 1447(e) Factors**

   1.    <u>Need for Joinder Under Rule 19(a)</u>

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their

6

interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). "Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), 'amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19.'" *Avellanet*, 2019 WL 5448199, at *2 (quoting *Sabag*, 2016 WL 6581154, at *4). "This standard is met when failure to join will lead to separate and redundant actions," but not when the non-diverse defendants "are only tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000).

Here, plaintiff contends that defendant Lampe is a necessary party in this action because Lampe is the dealership that sold the allegedly defective subject vehicle to plaintiff, and Lampe serviced the subject vehicle, resulting in protracted and unsuccessful repair attempts. (Doc. No. 11-1 at 9–10). Plaintiff asserts that his implied warranty claim against Lampe is not tangentially related to his claims against FCA because "[a]ll of his claims involve the same Vehicle, the same alleged defects, and the same protracted and, ultimately unsuccessful attempts to repair the Vehicle," and thus, "[r]esolution of those claims would likely require many of the same documents and witnesses and turn on many of the same legal and factual questions." (*Id.* at 10.) Plaintiff also cites to several cases in which courts have held that the dealership is "necessary for just adjudication" where a plaintiff's Song-Beverly Act "claims against the manufacturer and dealership arise from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair the vehicle, and where resolution of the claims would require many of the same documents and witnesses and implicate many of the same factual and legal issues." (*Id.* at 10–11) (citing cases). Thus, according to plaintiff, if the court does not permit the joinder of Lampe in this action, "[p]laintiff would be forced to litigate separate and redundant actions." (Doc. No. 14 at 3.)

FCA contends that Lampe is not an indispensable party and that plaintiff has failed "to explain how the absence of Lampe in this action would preclude him from obtaining complete relief." (Doc. No. 13 at 6.) FCA argues that if Lampe was truly indispensable, then plaintiff

7

should have filed his original complaint against both FCA and Lampe, particularly because plaintiff already knew at the time he filed his complaint that Lampe was the dealership that sold the subject vehicle to him. (*Id.*)

The court is not persuaded by FCA's arguments, which focus more on plaintiff's motive in adding defendant Lampe to this action—a distinct factor addressed below—and less on whether the failure to join Lampe would lead to separate and redundant actions. Indeed, FCA does not directly address plaintiff's contention that Lampe is not tangentially related to plaintiff's claims against FCA. Notably, plaintiff asserts in this action an implied warranty claim against both Lampe and FCA, and that claim is based on the same allegedly defective vehicle and the same alleged failures to repair it. Moreover, to the extent FCA argues that Lampe is not a necessary party in this action because plaintiff can obtain complete relief if he prevails on his claims against FCA (Doc. No. 13 at 6), that argument is also unavailing. As one district court recently explained:

> Regardless of who Plaintiff could ultimately recover from, Plaintiff's proposed allegations state an independent cause of action against Proposed Defendants. Because Plaintiff "may pursue an independent cause of action . . . directly against [the] Proposed Defendants, forcing Plaintiff to pursue such claims separately in state court would lead to redundancy," and favors joinder.

*Malijen v. Ford Motor Co.*, No. 20-cv-1217-JGB-KKX, 2020 WL 5934298, at *2 (C.D. Cal. Aug. 20, 2020) (quoting *Sanvelian v. Ryder Truck Rental, Inc.*, No. 2:20-cv-01314-ODW-SKX, 2020 WL 4060176, at *5 (C.D. Cal. July 20, 2020)) (alterations omitted). Here, as explained below, the court finds that plaintiff asserts a facially valid implied warranty claim against Lampe in his FAC, and the court agrees with plaintiff that if the joinder of Lampe in this action were denied, plaintiff's pursuit of a separate action against Lampe in state court would be redundant. *See Sandhu*, 2017 WL 403495, at *2 (finding that a dealership was needed for just adjudication even though the manufacturer was bound to indemnify the dealership for any judgment in plaintiff's favor and concluding that "[t]rying the case in separate actions could lead to inconsistent findings as to the condition of the vehicle and the adequacy of repairs").

/////

8

Under these circumstances, and in light of the "less restrictive standard" for amendment under § 1447(e) than for joinder under Rule 19, the court finds that Lampe is a necessary party for the purposes of the § 1447(e) analysis. *See Avellanet*, 2019 WL 5448199, at *2 (concluding that "failure to join Fiat would lead to separate and redundant actions, and that Fiat is necessary for the efficient and just adjudication of this action," because plaintiff's "claims for relief against FCA and Fiat arise out of the same vehicle and the same alleged defects in that vehicle, and resolution of Plaintiff's claim against Fiat will require many of the same documents and witnesses and will implicate many of the same factual and legal issues").

Accordingly, the court finds that consideration of this factor weighs in favor of permitting plaintiff's joinder of Lampe in this action.

### 2. Timeliness of Joinder

"When determining whether to allow amendment to add a non-diverse party, 'courts consider whether the amendment was attempted in a timely fashion.'" *Avellanet*, 2019 WL 5448199, at *3 (quoting *Sandhu*, 2017 WL 403495, at *3). In particular, courts consider the length of time that passed between plaintiff filing the original complaint and the amended complaint, and whether dispositive motions have been filed. *See, e.g.*, *id.* (finding timeliness factor weighed in favor of joinder where the "[p]laintiff filed his First Amended Complaint only 37 days after he filed his initial Complaint, and a mere 3 days after [defendant] FCA filed its Answer and removed this action"); *Sandhu*, 2017 WL 403495, at *3 (finding the timeliness factor weighed in favor of joinder and remand where the plaintiff had filed his first amended complaint "within the time limits afforded by Rule 15 and before any dispositive motions were filed"); *Dordoni v. FCA US LLC*, No. 20-cv-1475-JGB-SHK, 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020) (finding the timeliness factor weighed in favor of joinder where plaintiffs amended their complaint fewer than 21 days after defendant filed its answer and no dispositive motions had been filed).

Here, plaintiff filed his FAC on September 25, 2019, which was only 47 days after he filed his original complaint, 13 days after FCA removed this action, and 7 days after FCA answered his original complaint. (*See* Doc. Nos. 1, 4, 6.) FCA concedes that "the period of time

9

that elapsed between commencement of the action and the filing of the FAC was not long," but nonetheless argues that plaintiff should have included Lampe in the original complaint. (Doc. No. 13 at 6–7.) Plaintiff contends that he "wasted no time and amended his [c]omplaint within 21 days of a responsive pleading in accordance with [Rule 15]." (Doc. No. 14 at 3–4.) In addition, the court notes that no dispositive motions had been filed at the time plaintiff filed his FAC. Thus, the court concludes that plaintiff acted in a timely manner when he amended his complaint to add Lampe as a defendant.

Accordingly, the court finds that consideration of this factor also weighs in favor of permitting joinder of Lampe in this action.

### 3. Whether Joinder is Intended Solely to Defeat Jurisdiction

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Courts "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* "However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants." *Dordoni*, 2020 WL 6082132, at *4 (citing *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (noting that "[t]he legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion")).

"[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag*, 2016 WL 6581154, at *5–6 (finding that the plaintiff's motive in joining dealership defendant was "not *solely* to destroy diversity" because plaintiff's claim against the dealership was "facially legitimate"). Indeed, "an assessment as to the strength of the claims against the proposed new [d]efendants bears directly on whether joinder is sought solely to divest this [c]ourt of jurisdiction." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014). Courts

10

have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant. *See, e.g.*, *Dordoni*, 2020 WL 6082132, at *5 (concluding that plaintiff's "underlying legal allegations against Dealership Defendant are not so threadbare as to support a conclusion of bad faith," even though defendants submitted "compelling evidence to support a conclusion that [p]laintiffs have added Dealership Defendant for the purposes of defeating diversity"); *Avellanet*, 2019 WL 5448199, at *3 (noting that plaintiff's amendment after removal to add the dealership defendant and assert only a breach of implied warranty claim against it "suggest that [p]laintiff's primary motivation in amending the [c]omplaint was to defeat diversity jurisdiction," but concluding that it was "not readily apparent that it [was] the sole motivation" because plaintiff's claim against the dealership was "seemingly valid"). In addition, courts have rejected the argument that a plaintiff's motivation to defeat jurisdiction should be dispositive on the question of whether joinder of a non-diverse defendant is permitted. *See Sandhu*, 2017 WL 403495, at *3.

Here, plaintiff contends that his joinder of Lampe was not intended solely to defeat this court's jurisdiction because his claim against Lampe is "valid and necessary for proper adjudication" of this action. (Doc. No. 11-1 at 12.)

In its opposition, FCA argues that "it is clear that [p]laintiff's primary motive in naming Lampe is to defeat diversity and have the case remanded to state court," particularly because the allegations in the FAC reflect minimal changes from the allegations in the original complaint. (Doc. No. 13 at 7) (citing *Clinco*, 41 F. Supp. 2d 1080, 1083, n.2). In addition, FCA points to the timing of plaintiff filing his FAC, which occurred only after FCA filed its notice of removal. (*Id.* at 6.)

In reply, plaintiff contends that FCA improperly extrapolates from its observation that the FAC and original complaint are substantively similar and concludes that plaintiff amended his complaint in bad faith. (Doc. No. 14 at 4–5.) According to plaintiff, because there is a presumption against finding fraudulent joinder, FCA's sole argument in this regard is insufficient to satisfy its heavy burden of persuasion as a defendant asserting fraudulent joinder. (*Id.*)

11

The court recognizes that "[i]n some cases, courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint." *Sabag*, 2016 WL 6581154, at *5. The court, however, does not agree with FCA that the substantial similarity between plaintiff's original complaint and his FAC supports a finding that plaintiff's *sole* motivation in joining Lampe was to defeat this court's jurisdiction. Moreover, even if plaintiff was *primarily* motivated to destroy diversity—as FCA urges the court to infer from the fact that plaintiff knew of the identity of Lampe but did not name Lampe as a defendant until after FCA removed this action—that too is insufficient for a finding of fraudulent joinder here because plaintiff has alleged a valid claim against Lampe. As explained below, the court finds that plaintiff's implied warranty claim against Lampe is facially valid, which supports a finding that plaintiff's motive is not *solely* to destroy diversity. In addition, although the timing of plaintiff's FAC might lead to suspicion about his motive, the court does not agree with FCA that such a suspicion is equivalent to bad faith. *See Lara v. Bandit Indus., Inc.*, No. 12-cv-2459-MCE-AC, 2013 WL 1155523, at *5 (E.D. Cal. March 19, 2013) (declining "to impute an improper motive to Plaintiffs simply because Plaintiffs seek to add a non-diverse defendant post-removal," and explaining that "the Court does not construe Plaintiffs' preference for state court any more negatively than Defendants' preference for federal court").

Accordingly, the court finds that consideration of this factor is neutral, weighing slightly in favor of permitting joinder of Lampe in this action.

4. <u>Validity of Plaintiff's Claim Against the Non-Diverse Defendant</u>

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)." *Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 3500559, at *3 (E.D. Cal. Aug. 1, 2019) (quoting *Forward–Rossi v. Jaguar Land Rover N. Am., LLC*, No. 2:16-cv-00949-CAS(KSx), 2016 WL 3396925, at *4 (C.D. Cal. Jun. 13, 2016). For the purposes of joinder under § 1447(e), a plaintiff's claim needs to be facially viable—the claim need not be plausible nor stated with particularly. *Dordoni*, 2020 WL 6082132, at *5. "In considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss

12

1  or a motion for summary judgment." *Sabag*, 2016 WL 6581154, at *6 (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)).

Here, plaintiff contends that he has stated a facially valid claim against Lampe for breach of the implied warranty of merchantability. (Doc. Nos. 11-1 at 9; 14 at 5–6.) In particular, plaintiff alleges "that he returned the vehicle to the dealership on numerous occasions and the dealership still failed to adequately repair the vehicle." (Doc. No. 11-1 at 9.) Plaintiff also cites to several district court decisions in which courts "have expressly held that a claim against a dealership for breach of the implied warranty of merchantability is valid." (*Id.*) (citing cases).

In its opposition, FCA does not challenge the validity of an implied warranty claim against dealerships generally. Instead, FCA contends that plaintiff "fails to plead any specific involvement by Lampe that would give rise to the cause of action for Breach of Implied Warranty of Merchantability," because plaintiff "only vaguely alleges that [he] has been 'damaged by Defendant's failure to comply with its obligations under the implied warranty.'" (Doc. No. 13 at 7.) The court is not persuaded by FCA's argument in this regard, particularly because FCA would have the court impose a more stringent pleading standard than that required under § 1447(e) to state a facially valid claim. Moreover, other than asserting that the allegations in the FAC are too vague, FCA does not point to any particular deficiencies in the FAC, let alone argue that those purported deficiencies could not be cured by way of amendment. *See Hall v. Kraft Heinz Food Co. (LLC)*, No. 1:19-cv-00565-LJO-BAM, 2019 WL 2598764, at *3 (E.D. Cal. June 25, 2019) ("Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]."); *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) ("Defendants must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.'").

To the extent FCA argues that plaintiff's claim against Lampe is not valid because such a claim is subject to an arbitration provision in the sales contract between plaintiff and Lampe (Doc. No. 13 at 8–10), that argument would be Lampe's *defense* to plaintiff's claim. But

13

asserting that defense does not render plaintiff's implied warranty claim facially invalid. *See Lee v. Ford Motor Corp.*, No. 19-cv-10170-AB-FFM, 2020 WL 2835748, at *3 (C.D. Cal. May 29, 2020) (rejecting "Ford's argument that the [plaintiff's breach of the implied warranty of merchantability] claim against the Dealer fails because it is subject to an arbitration agreement in the sales contract").

Accordingly, the court finds that consideration of this factor also weighs in favor of permitting joinder of Lampe in this action.

### 5. Whether the Statute of Limitations Would Preclude a New Action in State Court

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." *Dordoni*, 2020 WL 6082132, at *4 (citations omitted) (finding that "[b]ecause Plaintiffs would not be time-barred from filing a new action in state court, the second factor does not support joinder"). "If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action." *Sandhu*, 2017 WL 403495, at *3. The statute of limitations for breach of warranty claims under the Song-Beverly Act is four years. *See Sabag*, 2016 WL 6581154, at *5; *Avellanet*, 2019 WL 5448199, at *4 (finding statute of limitations factor weighed against permitting joinder where plaintiff's implied warranty claim against the dealer would not be time-barred in a new action in state court by the four-year statute of limitations).

Here, plaintiff alleges that he purchased the vehicle on or about February 3, 2018, and states that the four-year statute of limitations on this claim ends on February 3, 2022. (Doc. No. 11-1 at 11). Thus, Plaintiff effectively concedes that if he were to file a new action against Lampe in state court, his implied warranty claim would not be time-barred by the applicable statute of limitations.

Accordingly, the court finds that consideration of this factor weighs against permitting joinder of Lampe in this action.

/////

/////

   6.  Prejudice to Plaintiff

"Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." *Sabag*, 2016 WL 6581154, at *6 (concluding that "[b]ecause [the dealer] is a potentially responsible party, plaintiff will be prejudiced in its absence") (citing *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9 (E.D. Cal. 2010).

> "Where claims against parties sought to be joined in an action 'arise out of the same factual circumstances,' it is in the economic benefit of all parties and the judicial system to 'have the entire controversy adjudicated only once' and to force the plaintiffs to 'proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice.'"

*Avellanet*, 2019 WL 5448199, at *4 (quoting *Delafontaine v. Volvo Cars of N. Am., LLC*, No. 16-7154-GHK, 2016 WL 7338404, at *4 (C.D. Cal. Dec. 19, 2016); *see also Lara*, 2013 WL 1155523, at *5 (finding "that precluding Plaintiffs from joining [non-diverse defendant] Cal–Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal–Line or to initiate a duplicative litigation in state court").

Here, FCA does not argue that it will suffer prejudice if plaintiff is permitted to add Lampe as a defendant in this action. It is undisputed that plaintiff's implied warranty claims against FCA and Lampe arise out of the same transaction or occurrence (*see* Doc. Nos. 11-1 at 11–12; 13 at 6), and if the court denies joinder of Lampe, plaintiff would have to proceed with separate litigation against Lampe in state court. Plaintiff argues that he would be prejudiced by having "to incur significant expenses associated with pursuing similar litigation in two separate forums . . .." (Doc. No. 14 at 6.) The court agrees.

Accordingly, the court finds that consideration of this factor weighs in favor of permitting joinder of Lampe in this action.

Given the balance of the § 1447(e) factors weigh in favor of permitting joinder of Lampe, the "strong presumption" against removal jurisdiction, and the heavy burden on FCA of proving fraudulent joinder, the court concludes that plaintiff's joinder of Lampe is proper. The court will exercise its discretion and permit joinder of Lampe in this action. Because plaintiff and Lampe

are citizens of California, the court will also grant plaintiff's motion to remand this action due to a lack of subject matter jurisdiction based on complete diversity of citizenship.

**B.     Lampe's Rule 21 Motion**

Also pending before the court is defendant Lampe's "motion to dismiss for fraudulent joinder pursuant to Rule 21," which Lampe asserts was filed "in lieu of filing an answer," and which the court has construed as a motion requesting that this court drop Lampe as a defendant from this action. (Doc. No. 19.) Federal Rule of Civil Procedure 21 states in its entirety:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

As an initial matter, the court notes that "it is unclear if Rule 21 is the proper vehicle for this motion as it only refers to dropping misjoined parties," not allegedly fraudulently joined parties. *Sandhu*, 2017 WL 403495, at *3 (citing *Delafontaine*, 2016 WL 7338404, at *4). Although Lampe's motion is nominally a Rule 21 motion, Lampe does not address the applicable Rule 21 legal standards at all. Indeed, Lampe's motion merely repackages FCA's fraudulent joinder arguments. (*Compare* Doc. No. 19 *with* Doc. No. 13.)

Even assuming that Lampe's Rule 21 motion is a proper vehicle by which to present its fraudulent joinder arguments, the court will nevertheless deny Lampe's pending motion for the same reasons that the court rejected those same arguments in granting plaintiff's motion to remand. *See Sandhu*, 2017 WL 403495, at *4 (noting that "even if the Court were to interpret the 'misjoinder' language in Rule 21 to encompass a defendant whose joinder may be denied by the court under § 1447(e), the Court nevertheless denies the motion to drop [the dealership] as a defendant for the same reasons" that it granted plaintiff's motion to remand); *see also Lee*, 2020 WL 2835748, at *3 ("Given the Court's rejection of Ford's fraudulent joinder arguments, employing Rule 21 to drop the Dealer would unduly expand diversity jurisdiction. No sound purpose would be served by dropping the dealer simply to bestow subject matter jurisdiction on this Court.") (internal citation omitted); *Mangiapane v. Ford Motor Co.*, No. 19-cv-02014-HSG, 2019 WL 5199534, at *5 (N.D. Cal. Oct. 16, 2019) ("declin[ing] to exercise its discretion to sever [dealership] Tuttle-Click as it would run counter to judicial efficiency, and it would create an end-

run around the Ninth Circuit's admonition that federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion to remand this action (Doc. Nos. 8, 9, 11) is granted;
2. Defendant Lampe's Rule 21 motion to drop Lampe as a defendant (Doc. No. 19) is denied;
3. This action is remanded to the Tulare County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 6, 2020**      _/s/ Dale A. Drozd_
                                UNITED STATES DISTRICT JUDGE